No. 9921.

IN THE MATTER OF THE ESTATES OF ZENON AND ELIZE LABAUVE.—
ACCOUNT OF ADMINISTRATOR AND OPPOSITION THERETO.

In a partition of lands between two joint proprietors, a plantation falls to the share of one of them, burdened with a special mortgage in favor of the Citizens' Bank. In the act of partition there is an acknowledgment of this debt, and a stipulation that each shall be equally responsible for it, and also of mutual warranty. Such stipulations do not entitle the survivor of the contracting parties (or his heirs) to claim from the succession of the other the payment of one-half of the mortgage debt, when no eviction or disturbances has been suffered on account of the encumbrance; and where the debt is only payable through a long series of years, and no part of it has been paid by the party asserting the claim against the succession.

A judgment directing a payment to an heir out of the succession funds in the hands of the administrator, on account of the heirs' interest in the succession is erroneous, where in the same judgment the credits claimed by the administrator in his account for payments made to the other heirs are stricken therefrom, and remitted for adjustment to the partition. The claims of all the heirs should have been thus dealt with.

Where there is a conflict of testimony touching attorney's fees, and the testimony and the record do not afford sufficient information to enable the court to estimate them, the judgment of the lower court thereon will not be disturbed.

APPEAL from the Twenty-third District Court, Parish of Iberville. *Rils*, Judge *ad hoc*.

*A. Talbot* and *J. O. Nixon, Jr.*, for the Administrator.

*Samuel Matthews, Alex. Hébert* and *Thos. E. Grace*, and *David N. Barrow* for the Opponents.

The opinion of the Court was delivered by TODD, J.

I.

OPPOSITION OF THE HEIRS OF HOTARD.

Zenon Labauve and Alexander Hotard were once joint owners of lands in the parish of Iberville. They made a partition of the same

One of the plantations that fell to Hotard in the partition, was encumbered with a mortgage in favor of the Citizens' Bank. In the act of partition, it was stipulated with respect to this mortgage as follows :

" The parties hereto remain equally responsible to the Citizens' Bank of Louisiana for the debt and mortgage contracted by Robert Brent, and which they assumed." The act also contained a reciprocal warranty.

The administrator's account made no mention of any liability of Labauve's succession to the Hotard heirs, resulting from this partition, or any of its stipulations. They, the heirs, opposed the account and asked to be paid out of the funds in the hands of the administrator, one-half the amount of this mortgage debt, claiming to be entitled to it under the obligation incurred by Labauve from the foregoing clause in the act of partition, and the express warranty contained in the act.

The judge *a quo* dismissed the opposition on the ground that the action was premature, and the opponents have appealed.

The clause in question evidences no personal obligation on the part of Labauve to Hotard. It is only an acknowledgment of a joint debt to the bank and a recognition of the mortgage securing it, which acknowledgment added nothing to the force and effect of the mortgage.

The nature of the obligation resulting from the " warranty of partition " is best described in the Code itself.

Article 1384. The co-heirs remain respectively bound to warrant one to the other the property falling to each of their shares against the disturbance and eviction which they may suffer, when the disturbance or eviction proceeds from a cause anterior to the partition.

Article 1388 (1425). But the indemnity is only for the sum for which the object has been given by the partition to the heir who has suffered the eviction, and for the proportion which each of the heirs is bound to contribute, the amount of his own portion being extinguished by confusion; and the heir in this case has no right to claim remuneration from his co-heirs for any damages which he may have suffered by the eviction.

Article 1396 (1433). The action of warranty among co-heirs is prescribed by five years, and the time commences to run, to wit: for the property included in the partition, from the day of the eviction, etc. ·

It will appear from these articles that the warranty in such case is against a disturbance of possession or eviction from the premises. The obligation of the warrantor relates alone to these contingencies.

It is equally evident that an action or claim in warranty arises only on the happening of one of these events—disturbance or eviction.

It is not pretended in this case that any disturbance or eviction has taken place with respect to this land, and no threat of either is shown.

The counsel for opponents contend, however, that their right of action is not governed by the law relating to warranty, but under the stipulations of the act of partition in this case, is to be determined by the rules and principles relating to suretyship. He is mistaken. Suretyship has no bearing on the questions involved in this controversy. There is no evidence in the record that these opponents or their ancestor have ever paid any portion of this mortgage debt.

Besides, from the nature of this debt, being a stock mortgage, the whole of it would not become exigible for a long series of years. Act 45 of 1873.

For these reasons the judge properly held that opponents' demand was premature.

## II.

Another opposition was that of Oscar Adolphe Lauve. In the account appear several items for payments made by the administrator to some of the heirs. This opponent complained that he had received nothing from the succession, and that to the other heirs had been advanced the full amounts, or even more than the sums they were legally entitled to receive. The judge *a quo*, believing that this complaint was just, decreed that the balance of certain funds of the succession, after the payment of the creditors, should be paid over to this opponent with a reservation of any further rights to be adjusted in the final partition. It appears, however, that these very items for payment made to the other heirs were, on opposition, stricken from the account, and the amount paid decreed to be as still in the hands of the administrator, to be settled between him and the heirs, so favored, in the final partition. Considering this ruling as to these other heirs, it was not proper that this opponent should be paid immediately out of the funds in the hands of the administrator, but that his claim, like those of the other heirs, should have been also remitted for settlement to the final partition.

This proceeding was simply an administrator's account and opposition thereto. It was not a proceeding in partition, and it was not the time for the adjustment of the questions relating to the distributive shares of the heirs and the collections to be made by them, but those questions, in their entirety, should have been relegated to the partition, as was done with respect to the other heirs. The decree must be corrected in this respect.

## III.

There is an appeal from the judgment on the account by Messrs. Talbot and J. O. Nixon. attorneys at law, with regard to their fees for professional services rendered the succession.   The amounts allowed them by the judgment was $1888.   They claim an additional sum.

There is a conflict of testimony in this matter—a conflict between prominent members of the bar, whose statements are entitled to equal respect, from their worth, experience and ability.   We have carefully considered this evidence, and likewise examined the record for further light on this subject, but it does not afford us sufficient information touching the services rendered, or of the character of the proceedings in which they were rendered, to satisfy us that the conclusion reached by the court a qua, with respect to these charges, was erroneous.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court, so far as it sustains the opposition of Oscar Adolph Lauve, and orders a payment to him by the administrator, out of the funds named in the decree, be annulled, avoided and reversed, reserving the rights of this opponent to this fund and all other rights against the successions for settlement, and allowance in the final partitions of the successions among the heirs, and with this exception and in all other respects, the judgment of the lower court be affirmed, the said Oscar Adolph Labauve to pay the costs of his opposition in both courts.